IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

─────────────────────────────────────────────────────

| | | |
|---|---|---|
| TERRY COX, | ) | **ORDER TO AMEND DEFICIENT** |
| | ) | **COMPLAINT & MEMORANDUM** |
| Plaintiff, | ) | **DECISION** |
| | ) | |
| v. | ) | Case No. 2:11-CV-312 CW |
| | ) | |
| SALT LAKE COUNTY JAIL et al., | ) | District Judge Clark Waddoups |
| | ) | |
| Defendants. | ) | |

─────────────────────────────────────────────────────

Plaintiff, inmate Terry Cox, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2012), *in forma pauperis*, *see* 28 id. § 1915.  The Court now screens the complaint and orders Plaintiff to file an amended complaint to cure continuing deficiencies before further pursuing his claims.

## Deficiencies in Complaint

Complaint:

(a) improperly names Salt Lake County Jail as a defendant, though it is not an independent legal entity that can sue or be sued.

(b) does not state a proper legal-access claim.

## Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice

of what the claims against them are and the grounds upon which
they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp.
1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these
minimal pleading demands.  "This is so because a pro se plaintiff
requires no special legal training to recount the facts
surrounding his alleged injury, and he must provide such facts if
the court is to determine whether he makes out a claim on which
relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991).  Moreover, it is improper for the Court "to
assume the role of advocate for a pro se litigant." *Id.*  Thus,
the Court cannot "supply additional facts, [or] construct a legal
theory for plaintiff that assumes facts that have not been
pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before
refiling his complaint.  First, the revised complaint must stand
entirely on its own and shall not refer to, or incorporate by
reference, any portion of the original complaint.  *See Murray v.
Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended
complaint supercedes original).

Second, the complaint must clearly state what each defendant
did to violate Plaintiff's civil rights.  *See Bennett v. Passic,*
545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal

participation of each named defendant is essential allegation in civil rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).  Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."  *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

The Court also notes that one of Plaintiff's claims involves legal access.  As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded

3

on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*." *Id.* at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege *not only* the inadequacy of the library or legal assistance furnished *but also* "*that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim*." *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

## MOTIONS FOR APPOINTED COUNSEL AND SERVICE OF PROCESS

The Court first considers the motion for appointed counsel. Plaintiff has no constitutional right to counsel.  *See Carper v.*

*Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the Court may in its discretion appoint counsel for indigent inmates.  *See* 28 U.S.C.S. § 1915(e)(1) (2012); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court concludes here that (1) it is not clear at this point that Plaintiff has asserted a colorable claim; (2) the issues in this case are not complex; and (3) Plaintiff is not incapacitated or unable to adequately function in pursuing this matter.  Thus, the Court denies for now Plaintiff's motion for appointed counsel.

Next, the Court denies for now Plaintiff's motions for service of process.  The Court has yet to make a final

5

determination whether to dismiss Plaintiff's complaint or order it to be served upon Defendants. *See* 28 U.S.C.S. § 1915A (2012). Plaintiff need do nothing further to trigger this process.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff's request for appointed counsel is DENIED, (*see* Docket Entry # 2); however, if it later appears that counsel may be needed or of specific help, the Court may ask an attorney to appear pro bono on Plaintiff's behalf.  No further motions of this nature are necessary.

(6) Plaintiff's motions for service of process are DENIED, (*see* Docket Entry #s 3 & 6); however, if, upon further review, it appears that this case has merit and states a claim upon which relief may be granted, the Court may order service of process.

(7) Plaintiff's motions to be moved and for relief from retaliation by jail employees are DENIED.  (*See* Docket Entry #s 7

6

& 11.)  Having not heard from Plaintiff since May 16, 2011, when it sounded like Plaintiff was in transitional housing, the Court is unsure of Plaintiff's current location.  Plaintiff is welcome to renew these motions if the issues still exist.

DATED this 10th day of February, 2012.

BY THE COURT:

JUDGE CLARK WADDOUPS
United States District Court

7